In the Matter of David LIVINGSTON, as President of District 65, Retail, Wholesale & Department Store Union, AFL–CIO, Plaintiff,

v.

**JOHN WILEY & SONS, INC., Defendant.**

United States District Court
S. D. New York.
March 29, 1962.

Weisman, Allan, Spett & Sheinberg, New York City, Irving Rozen, New York City, of counsel, for plaintiff.

Paskus, Gordon & Hyman, New York City, Charles H. Lieb, Robert H. Bloom, New York City, of counsel, for defendant.

SUGARMAN, District Judge.

On February 1, 1960 Interscience Publishers, Inc., a New York corporation (herein Interscience or Employer), entered into a contract with District 65, Retail, Wholesale & Department Store Union, AFL–CIO (herein the Union), wherein Interscience recognized the Union as exclusive bargaining agent of the clerical and shipping employees of Interscience. The contract was for a term ending January 31, 1962 and provided for its automatic renewal unless notification by either party 60 days before an expiration date that changes in the agreement were desired.

On April 8, 1960 Interscience and the Union amended the contract to provide that the collective bargaining unit would not be reduced by lay-off below 26 employees. On March 6, 1961 Interscience and the Union amended the contract with respect to the check-off provisions thereof.

Article XVI of the agreement of February 1, 1960 deals with "Grievances: Adjustment of Disputes: Arbitration". Section 16.0 provides that differences, grievances or disputes between Interscience and the Union arising out of or relating to the agreement, its interpretation, application or enforcement "shall be subject to the following procedures, which shall be resorted to as the sole means of obtaining adjustment of the difference, grievance, or dispute". Section 16.0 then sets up three steps as to the "procedures".

The first step provides that when the grievance first arises it "shall be the subject of a conference between the affected employee, a Union Steward and the Em-

ployer, officer or exempt supervisory person in charge of his department". If the grievance is not satisfactorily settled within two working days after the conference, it is to be reduced to writing and "signed by the Employer representative and the affected employee".

The second step provides that within five working days after its reduction to writing the grievance should be the subject of a conference between an officer of the Employer or its representative and the Union Shop Committee or its representative.

The third step provides that in the event that the grievance is not resolved in step two it "shall be referred and submitted to arbitration before an impartial arbitrator who shall be chosen by the mutual consent in writing by the Employer and the Union".

Section 16.1 provides for the method of selecting an impartial arbitrator if the parties fail to agree upon an arbitrator pursuant to step three of Section 16.0. The remaining sections of Article XVI deal with how the parties shall conduct themselves while the arbitration is pending.

On August 11, 1961 Interscience entered into an agreement with John Wiley & Sons, Inc. which resulted in the consolidation on October 2, 1961 of John Wiley & Sons, Inc. and Interscience into the defendant consolidated corporation John Wiley & Sons, Inc. (herein Wiley and the Company). No one contends that the consolidation was intended to enable Interscience to run away from its agreement with the Union or that the consolidation of Interscience and John Wiley & Sons, Inc. into Wiley was for anything other than bona fide business reasons.

Both before and after the consolidation on October 2, 1961, the Union contended that Wiley was bound to recognize it as the exclusive bargaining agent of the clerical and shipping employees of Interscience who had been merged into the Wiley organization. Upon the continued refusal of Wiley to accede to the demands of the Union, the latter filed a complaint in this court on January 23, 1962, demanding judgment "directing that the defendant [Wiley] be compelled to submit to arbitration on the questions herein referred to, and directing said defendant to proceed with said arbitration to final award, together with costs and disbursements of this action". The complaint predicates jurisdiction of the cause upon "Section 301 of the Labor-Management Relations Act, * * * 29 U.S.C. Sec. 185 and the United States Arbitration Act, Title 9, U.S.C.".

The Union by order to show cause returnable January 30, 1962 and adjourned to and argued on March 6, 1962, seeks an order directing Wiley to "submit to arbitration with the said Union on the following issues:—

"(a) Whether the seniority rights built up by the Interscience employees must be accorded to said employees now and after January 30, 1962;

"(b) Whether, as part of the wage structure of the employees, the Company is under an obligation to continue to make contributions to District 65 Security Plan and District 65 Security Plan Pension Fund now and after January 30, 1962;

"(c) Whether the job security and grievance provisions of the contract between the parties shall continue in full force and effect;

"(d) Whether the Company must obligate itself to continue liable now and after January 30, 1962 as to severance pay under the contract;

"(e) Whether the Company must obligate itself to continue liable now and after January 30, 1962 for vacation pay under the contract;

and directing said Company to proceed with arbitration to final award; and why the Union should not have such other and further and different relief as to this Court may seem just and proper in the premises * * *."

The Union *inter alia* argues that Section 90 of the Stock Corporation Law of the State of New York, McKinney's Consol.Laws, c. 59, binds Wiley to observe

the contract of February 1, 1960 between Interscience and the Union notwithstanding the consolidation. The pertinent portion of Section 90 provides that:

"such consolidated corporation shall be deemed to have assumed and shall be liable for all liabilities and obligations of each of the corporations consolidated in the same manner as if such consolidated corporation had itself incurred such liabilities or obligations".

Wiley *inter alia* argues that the contract between Interscience and the Union came to an end upon the consolidation on October 2, 1961 and that it is not bound to recognize or deal with the Union as the bargaining agent for the employees formerly represented by the Union and absorbed into the Wiley organization.

Assuming that the Union's contention that its agreement with Interscience survived the consolidation and that Wiley is bound to observe its terms, it must nevertheless fail on this motion. Section 16.6 of the agreement provides that:

"Notice of any grievance must be filed with the Employer and with the Union Shop Steward within four (4) weeks after its occurrence or latest existence. The failure by either party to file the grievance within this time limitation shall be construed and be deemed to be an abandonment of the grievance."

It is undisputed that no notice of any grievance was so filed within four weeks after its occurrence nor were any of the procedures set up in Article XVI of the contract followed herein.

■ Arbitration is a contract obligation and we must look within the four corners of the contract which it is asserted makes a dispute arbitrable. The entire structure of Article XVI of the contract of February 1, 1960 in my view contemplates arbitration of a grievance between an "affected employee" represented by the Union, and the Employer. The contract does not indicate that arbitration was within the contemplation of the parties under the facts at hand, i. e., a consolidation of the Employer with a third party and its effect upon the rights of the individual employees within the collective bargaining group and upon the Union as their exclusive bargaining agent.

It is fair to conclude that it was the intention of the parties to exclude from arbitration matters involving the entire collective bargaining unit, as distinguished from the individuals comprising it, because Section 16.5 of the contract between Interscience and the Union specifically excludes from arbitration such matters as:

"(1) the amendment or modification of the terms and provisions of this agreement;

"(2) salary or minimum wage rates as set forth herein;

"(3) matters not covered by this agreement; and

"(4) any dispute arising out of any question pertaining to the renewal or extension of this agreement."

■ But even if it be said that each individual employee thus affected had a grievance for which the Union under the contract was designated as his negotiating agent, the procedures set up by the contract for the resolution of those individual grievances were completely ignored and constituted "an abandonment of the grievance".

While negotiations were had for some time prior to June 27, 1961 between the business agent of the Union and the attorney for Interscience, after the public announcement in late May or early June 1961 of the proposed consolidation of Interscience and John Wiley & Sons, Inc. into Wiley, and counsel for the Union as early as June 27, 1961 advised Interscience by letter that "any impairment of the rights of the employees will be resisted to the fullest possible extent under the law", the Union failed to avail itself of the procedures under the contract which were a condition precedent to arbitration. It had the entire period

from late May, when first public announcement was made of the proposed consolidation, at least until August 11, 1961 when Interscience and John Wiley & Sons, Inc. agreed to consolidate into Wiley, and possibly until October 2, 1961 when the certificate of consolidation of Wiley was actually filed in the Secretary of State's office, to initiate individual grievance machinery under the contract.

Had it done so it probably would have resolved prior to the actual consolidation the issues which it now seeks to resolve by arbitration because the agreement of August 11, 1961 between Interscience and John Wiley & Sons, Inc. to consolidate into Wiley provides in Paragraph VIII thereof as follows:

"Anything herein or elsewhere to the contrary notwithstanding this agreement may be terminated and abandoned prior to the effective date of consolidation if:

"(a) In the judgment of the board of directors of either of the corporations, any material litigation shall be pending or threatened against or affecting either of the corporations, or any of their respective assets, or the merger and consolidation, which renders it inadvisable to proceed with the merger and consolidation; * * *."

Whether the contract of February 1, 1960 contemplated that the "Grievances: Adjustments of Disputes: Arbitration" procedures of Article XVI applied to the situation herein presented, or was intended to cover any grievances between individual employees and Interscience or both, the failure of the Union to avail itself of the procedures delineated in the contract constituted an abandonment of the grievance, individual or collective, pursuant to Sections 16.0 and 16.6 of the agreement.

Accordingly, the Union's motion that Wiley be compelled to submit to arbitration with it on the aforesaid issues is denied.

It is so ordered; no further order is necessary.