Shaler Area Education Association, Appellant *v.*
Shaler Area School District, Appellee.

212

Argued May 7, 1981, before Judges Mencer, Mac-Phail and Palladino, sitting as a panel of three.

*Ronald N. Watzman, Watzman & Elovitz,* for appellant.

*James D. Zimmer, Zimmer and Dice,* for appellee.

*William Fearen,* with him *Michael I. Levin* and *John DiClemente, Cleckner and Fearen,* for Amicus Curiae, Pennsylvania School Boards Association.

Opinion by Judge Mencer, August 7, 1981:

The Shaler Area Education Association (Union) has appealed from the partial vacation of an arbitration award by the Court of Common Pleas of Allegheny County.

The Shaler Area School District (District) and the Union entered into a collective bargaining agreement, effective July 1, 1977 through June 30, 1980. The agreement provided for a three-step grievance procedure, culminating in binding arbitration.

At the time the agreement went into effect, the District was operating under an "extended school day" schedule because of overcrowding in the schools. This schedule created a shortened school day with staggered starting times for the teachers and students. Two years later, the overcrowding was eliminated by the completion of a new senior high school building. The District then discontinued the "extended school day" schedule and instituted a standardized 7½-hour work day for senior high, junior high, and elementary school teachers. As a result, all of the teachers were required to work longer each day.

On June 20, 1979, the elementary and junior high school teachers filed a written grievance protesting the alteration of the school day and seeking additional compensation. After the dispute was processed without resolution through the three grievance-procedure steps established in the collective bargaining agreement, the matter was referred to arbitration. The Union then introduced before the arbitrator an additional oral grievance on behalf of the senior high school teachers. The District objected to the lack of timeliness in the filing of the grievance, on the basis that the Union had failed to follow the first three grievance steps. The arbitrator allowed the oral amendment and ultimately awarded relief to all of the grievants, including the senior high school teachers. On appeal, the lower court affirmed the award to the elementary and junior high school teachers but vacated the award to the senior high school teachers. The Union has now appealed the partial vacation of the award to this Court. We reverse the order of the lower court and reinstate the arbitration award.

The District argues that the arbitrator improperly enlarged the scope of his jurisdiction by considering the grievance of the senior high school teachers, where those teachers had not first complied with the griev-

ance steps set forth in the collective bargaining agreement. We disagree. Unless the collective bargaining agreement specifically states otherwise, an arbitrator has the jurisdiction to make a final determination of procedural issues. *School District of the City of Duquesne v. Duquesne Education Association*, 475 Pa. 279, 380 A.2d 353 (1977). Accordingly, if it appears that the dispute rationally relates to the contract subject matter which the parties agreed to arbitrate, all issues of interpretation and procedure, including requirements preliminary to the presentation of a claim, are for the arbitrator to resolve.

The error of the lower court was in restricting the arbitrator's jurisdiction to "the subject matter of the *grievance* submitted for his consideration." (Emphasis added.) It is the collective bargaining agreement, not the grievance report, that defines the jurisdiction of the arbitrator. *Port Authority of Allegheny County v. Amalgamated Transit Union, Division 85,* Pa. , 424 A.2d 1299 (1981). Hence, if the arbitrator was given the power in the collective bargaining agreement to resolve a grievance of the senior high school teachers concerning a change in the terms of employment, then the arbitrator a fortiori has the power to resolve all questions of procedural compliance that may arise therefrom.

In *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543 (1964), the United States Supreme Court analyzed questions of procedural arbitrability similar to those present here. In *Wiley*, the surviving company of a merger refused to recognize the union of the predecessor company. The Union protested the termination of the collective bargaining agreement and brought suit under the agreement to compel arbitration of the dispute. The Union, however, did not comply with the grievance procedures established by the collective bargaining agreement. Although the agreement required

an employee to present his grievance directly to the company within 4 weeks of its occurrence, no employee ever did so. Indeed, the agreement provided that, if the written grievance was not filed within this time limitation, the grievance would be deemed abandoned. The agreement further required that, if the dispute was referred to arbitration, the parties had to make an effort to find a mutually acceptable arbitrator. Again, no such effort was made. *See* Schwartz, *Procedural Arbitrability Under Section 301 of the LMRA*, 73 Yale L.J. 1459 (1964). In denying relief to the Union, the district court found it undisputed that the time limits were not met and that the procedures set up by the agreement for the resolution of grievances were completely ignored. *Livingston v. John Wiley & Sons, Inc.*, 203 F. Supp. 171 (S.D. N.Y. 1962).

In affirming the reversal by the Second Circuit Court of Appeals, the Supreme Court ruled that it is for the arbitrator, not the court, to decide whether the union had complied with the grievance procedures; once it is determined that the substantive dispute is arbitrable under the terms of the agreement, procedural questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator.

The Pennsylvania Supreme Court followed the *Wiley* holding in *School District of Duquesne*. The Court, citing *Wiley*, ruled that it was for the arbitrator to determine whether the employee had complied with the 15-day limit for filing a grievance.

The arbitrator here defined his jurisdiction to include a grievance by senior high school teachers concerning a change in the terms of employment. We are satisfied that this definition is rationally derived from the collective bargaining agreement, *Community College of Beaver County v. Community College of*

*Beaver County, Society of the Faculty*, 473 Pa. 576, 375 A.2d 1267 (1977), and that the parties were obligated to submit this dispute to arbitration. Having made this determination, the arbitrator thus had the authority to resolve all questions of procedure arising from the grievance of the senior high school teachers.

Order reversed in part and affirmed in part.

ORDER

AND Now, this 7th day of August, 1981, the portion of the order of the Court of Common Pleas of Allegheny County, dated October 3, 1980, partially vacating the arbitration award, is reversed, and the arbitratration award, granting relief to the senior high school teachers of Shaler Area School District, is reinstated. The remaining portion of said order is affirmed.