512 A.2d 802

Bensalem Township School District, Appellant *v.* Bensalem Township Education Association, Appellee.

Argued April 10, 1986, before Judges MACPHAIL and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*James M. McMaster, Smith and McMaster, P.C.,* for appellant.

*A. Martin Herring, Herring and Donahue,* for appellee.

OPINION BY SENIOR JUDGE BARBIERI, July 23, 1986:

Bensalem Township School District (District) appeals here the order of the Bucks County Common Pleas Court dismissing the District's request that the common pleas court vacate the award of the arbitrator who determined that the District violated the applicable collective bargaining agreement when it eliminated certain co-curricular teaching positions for the 1982-83 school year because the arbitrator had allegedly exceeded his authority in deciding the grievance.

The District and the Bensalem Township Education Association (Association) were parties to a collective bargaining agreement that by its terms expired on June 30, 1981. Following a brief strike, a tentative successor agreement was reached on September 17, 1981 for the period from June 1, 1981 through June 30, 1984, to be submitted to the respective principals for ratification. On the following day, the parties agreed to be bound by the terms of the tentative agreement in the interim. The parties were unable to agree on all the terms of the tentative agreement, however, and the District notified the Association by letter dated February 25, 1982 that the tentative agreement was revoked and rescinded and that the District was willing to continue negotiations. In response, on March 1, 1982, the Association's counsel voted to accept the tentative agreement as previously proffered by the District and delivered the signed agreement to the School Board. The District now refused to sign the tentative agreement and again requested collective bargaining negotiations. Each of the parties filed unfair labor practice charges against the other. On November 17, 1982, the Pennsylvania Labor Relations Board entered an order stating that the District had not committed an unfair labor practice by its refusal to sign the revoked tentative agreement and that no collective bargaining agreement was in effect post-

dating the expiration of the agreement on June 30, 1981.

Meanwhile, in September 1982, the Association had filed a grievance on behalf of Association members affected by the District's elimination of certain co-curricular teaching positions. The grievance was not resolved informally and, therefore, proceeded to arbitration pursuant to Section 903 of the Public Employe Relations Act, Act of July 23, 1970, P.L. 563, 43 P.S. §1101.903. The arbitrator bifurcated the proceedings. The initial hearing was held to decide the question whether the grievance was even arbitrable; *i.e.,* whether the arbitrator had authority to proceed and decide the merits of the grievance before him. The arbitrator held that the provisions of the expired collective bargaining agreement, including the grievance procedure, governed the instant grievance and that, therefore, the arbitrator had jurisdiction to proceed and decide the merits of the grievance presented. A second hearing was held to decide the merits of the grievance presented which the District did not attend for reasons to be discussed below. The arbitrator then issued an award directing the District to make whole all grievants whose co-curricular positions were eliminated in violation of the expired collective bargaining agreement.

The District filed a petition for review of the arbitrator's award with the Bucks County Court of Common Pleas. The District complained in its petition of the arbitrator's usurpation of authority in deciding the merits of the grievances. The District averred it had dismissed the arbitrator from further proceedings after the initial decision on arbitrability in accordance with the procedure allegedly agreed upon by the parties prior to the start of the first hearing. A hearing was held before Judge LUDWIG of the common pleas court pursuant to a Bucks County rule of procedure permitting submission

for consideration by a single judge of certain motions, rules, preliminary objections, and other miscellaneous applications which do not require action by the court en banc. At that hearing, the parties discussed the necessity for an evidentiary hearing on the question whether the procedure agreed upon by the parties prior to arbitration permitted dismissal by one of the parties of the arbitrator after the arbitrability determination, as asserted by the District, or only *prior* to the arbitrability determination, as argued by the Association. The Association argued that an evidentiary hearing was unnecessary, that the court's function was to look at the arbitrator's decision and determine whether his award was drawn from the essence of the bargaining agreement. *See Scranton Federation of Teachers v. Scranton School District*, 498 Pa. 58, 444 A.2d 1144 (1982). The District sought to enter into evidence the deposition testimony of its representative at the first arbitration hearing, supportive of the District's position that the procedure agreed upon by the parties permitted dismissal of the arbitrator and appointment of a new arbitrator after the decision on the arbitrability issue.

The common pleas court, proceeding as we have stated according to its local rule *266 which references Pa. R.C.P. No. 209[1] did not consider the deposition testimony offered by the District, but instead considered only the District's petition and the Association's answer. Thus, the court considered the District's averment that:

---

[1] Pa. R.C.P. No. 209 provides:

If, after the filing and service of the answer, the moving party does not within fifteen days:

(a) Proceed by rule or by agreement of counsel to take depositions on disputed issues of fact; or

(b) Order the cause for argument on petition and answer (in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the

> 32. At the [first] arbitration hearing on March 29, 1983, Arbitrator Schneck, after hearing the initial presentations of the party's [sic] advocates, advised the parties that he would render an advisory opinion on whether he had authority to decide the dispute, and, if so, what he saw as the appropriate issues to be resolved by the arbitrator. He then stated, over the objection of the Association, that if either party disagreed with his approach to the issues, that party could terminate his services as arbitrator.

plus the Association's answer admitting the District's averment. Despite the apparent ambiguity of the admitted averment, the common pleas court issued no findings on the issue raised and the decision refusing the District the relief it requested centered on policy considerations only.

Although the issue is not free from doubt, we accept the view that once the arbitrator embarked on his determination of arbitrability, neither party had the power to have him discharged. We do so for two reasons. First, it is implicit in his opinions that the arbitrator believed this to be the terms of his proposal. Second, it would be unreasonable to permit his services to be terminated after he made his decision on jurisdiction. Under this arrangement, one side or the other would be likely to exercise

---

purpose of the rule); the respondent may take a rule as of course on the moving party to show cause why he should not proceed as above. If after hearing the rule shall be made absolute by the court, and the petitioner shall not proceed, as above provided, within fifteen days thereafter, the respondent may order the cause for argument on petition and answer, in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule.

its removal power, depending on what he decided. We recognize that the arbitrator's use of the phrase 'advisory opinion' may have been confusing. However, the District now concedes that it is bound by the arbitrator's decision as to arbitrability. On this basis, its complaint that it is entitled to have another arbitrator decide the merits of the grievance, is not, within the context of applicable arbitration law, a compelling argument.

The court then cited *Scranton Fed. of Teachers* for the proposition that an arbitrator's award must be upheld on appeal as long as it draws its essence from the collective bargaining agreement and that the broad judicial deference given arbitrators' decisions applies with equal force to arbitrability determinations. Given the above principles of arbitration law, the common pleas court stated, the District's request to vacate the arbitrator's award must be refused.

The question presented in the instant appeal is unlike that presented in most arbitration appeals, however, since it is not the award that is disputed but rather the authority of the arbitrator to make the award, and, thus, it cannot be decided by applying the essence test to the arbitrator's final decision. While an arbitrator may resolve all questions of procedural compliance that may arise upon submission of a grievance for his determination, *Shaler Area Education Association v. Shaler Area School District,* 61 Pa. Commonwealth Ct. 211, 433 A.2d 168 (1981), the extent of an arbitrator's authority in the first instance is wholly dependent on and derived from the terms of the submission. *Sley Systems Garages v. Transport Workers Union of America, AFL-CIO,* 406 Pa. 370, 178 A.2d 560 (1962). *See also Commonwealth of Pennsylvania v. Joint Bargaining Committee of Pennsylvania, Social Services Union et al.,* 82 Pa. Commonwealth Ct. 200, 475 A.2d 1333 (1984). While we may

doubt the efficacy of switching arbitrators prior to the final determination, if indeed the parties agreed that either party was entitled to so direct a substitution, it is not for this Court or any other court to interfere. Thus, we must remand the case to the common pleas court in order that it might hold an evidentiary hearing and identify the procedure that was agreed upon by the parties when this process began. After an evidentiary hearing and after findings and conclusions are made concerning the arbitrator's authority to proceed and consider the merits of the grievance, the reviewing court may then exercise its power of appellate review and determine whether the final award was drawn from the essence of the parties' bargaining agreement.

ORDER

AND NOW, this 23rd day of July, 1986, the order of the Bucks County Court of Common Pleas at No. 83-6754-06-5, dated June 11, 1985, is hereby vacated, and the matter is remanded to that court for proceedings consistent with this decision. Jurisdiction relinquished.

Judge PALLADINO dissents.