**CENTRAL DAUPHIN SCHOOL DISTRICT, Appellant**

v.

**The CENTRAL DAUPHIN EDUCATION ASSOCIATION.**

Commonwealth Court of Pennsylvania.

Argued Sept. 13, 2000.

Decided Jan. 18, 2001.

David R. Fine, Harrisburg, for appellant.

J. Paul Helvy, Harrisburg, for appellee.

Before SMITH, Judge, LEADBETTER, Judge, and RODGERS, Senior Judge.

SMITH, Judge.

The Central Dauphin School District (District) appeals from an order of the Court of Common Pleas of Dauphin County that confirmed an arbitration award (Award) in favor of the Central Dauphin Education Association (Union) and that denied the District's petition to modify, correct or vacate the Award. The District contends that the arbitrator exceeded his authority by establishing a new contract term after finding that the District did not violate the April 15, 1996 collective bargaining agreement (Agreement). The District further contends that the Award does not satisfy the "essence" test.

The factual history of this case is set forth in detail in the Court's prior decision in the matter. *Central Dauphin School District v. Central Dauphin Education Association,* 739 A.2d 1164 (Pa.Cmwlth. 1999) (*Central Dauphin I* ). The Union represents teachers who work for the District pursuant to the Agreement. During 1996 and 1997, the District required some of the Union's members to attend several after-school meetings, and the District compensated the teachers pursuant to the District's "Memo 10" document, which sets forth a rate schedule unilaterally established by the District. Although the Memo 10 rate schedule is unilaterally set by the District, the document is specifically referenced in Article III(H) of the Agreement.

The Union filed a grievance seeking compensation for the required after-school meetings at the per diem rate negotiated in Article III(E) of the Agreement rather than at the Memo 10 rate unilaterally set by the District. Article III(E) provides:

*Per Diem Pay.* Other than the additional compensation for teachers subject to Article III (H) below ('Teacher Induction Program Compensation'), members of the bargaining unit who are required, in any school year, to work beyond the number of days established in Article III D (above) will receive per diem compensation for the additional days, computed on the basis of their regular annual salary.

When the parties failed to resolve the grievance informally, they submitted it to arbitration as required by the Agreement.

The question submitted to the Arbitrator was: "Did the District violate the Collective Bargaining Agreement when it required professional employees to attend meetings after the work day and [paid] them in accordance with the 'Memo 10' [rate] rather than at their per diem rate? If so, what shall be the remedy?" The Arbitrator concluded that the District did

not violate Article III(E) because that article is narrowly tailored for situations where Union members are required to work beyond the number of days in the established school year. The Arbitrator further concluded that: "Nowhere else in the Collective Bargaining Agreement is there any language which clearly and unambiguously establishes the intent of the parties insofar as it concerns compensation to be received by teachers who are required to work extra hours in a school day." Award, at p. 13. Insufficient evidence existed for the Arbitrator to determine the past practice of the parties.

Despite finding no violation of the Agreement by the District, the Arbitrator nevertheless addressed the remedy. The Arbitrator reasoned that the parties left an inadvertent gap in the Agreement and that it was within his authority to fill that gap. The Arbitrator then ordered the parties to negotiate a rate of compensation for teachers who are required to work beyond the normal school day. The District filed a petition to modify or correct the Award in the trial court. After hearing oral argument, the trial court confirmed the Award. The District appealed, and this Court quashed that appeal as interlocutory. *Central Dauphin I.* The parties then resubmitted the matter to the Arbitrator to determine the rate of compensation, and the Arbitrator did so by letter dated December 13, 1999. The District filed another petition to vacate the Award in the trial court, and the trial court again confirmed the Award.

■ The proper appellate standard of review of labor arbitration awards under the Public Employe Relations Act (PERA)[1] is the essence test. Under that standard, appellate courts first determine if the issue, as properly defined, is encompassed within the terms of the collective bargaining agreement. If the issue is so encompassed, the appellate court will uphold the arbitrator's award if the arbitrator's interpretation may be rationally derived from the collective bargaining agreement. *Danville Area School District v. Danville Area Education Association,* 562 Pa. 238, 754 A.2d 1255 (2000). This essence test applies equally to the Court's review of an arbitrator's threshold determinations of the legal enforceability of a collective bargaining agreement or the jurisdiction of the arbitrator. *Fayette County Board of Commissioners v. American Federation of State, County and Municipal Employees, Council 84,* 692 A.2d 274 (Pa.Cmwlth.1997).

■ The authority granted to the Arbitrator by the Agreement is detailed in Appendix A, § III(E), which provides in part: "The authority of the Ad Hoc Arbitrator is confined and limited to determination of the facts and interpretation of the application of the express terms of this Agreement relevant to the specific grievance presented for determination." Accordingly, the Arbitrator's authority in this case was limited to the specific issues submitted to him by the parties. *See Bensalem Township School District v. Bensalem Township Education Association,* 99 Pa. Cmwlth. 141, 146, 512 A.2d 802, 804 (1986) ("the extent of an arbitrator's authority in the first instance is wholly dependent on and derived from the terms of the submission"). The issue submitted to the Arbitrator in this case directed him to determine the proper remedy only if he found that the District violated the Agreement.

Pennsylvania courts have consistently held that an arbitrator has no authority to address an issue when the arbitrator does not find a condition to have been satisfied upon which the parties have predicated that issue. For example, in *Township of Penn v. American Federation of State, County and Municipal Employees, AFL-CIO, District Council No. 89,* 713 A.2d 1218 (Pa.Cmwlth.1998), the issue before the arbitrator was whether just cause existed to warrant the grievant's discharge, and, if not, what the appropriate remedy

---

1. Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §§ 1101.101—1101.2301.

should be. The arbitrator found that just cause existed to discipline the grievant but nevertheless determined that termination was an improper remedy and entered an award reinstating the grievant. The Court held that the arbitrator, having found that just cause existed, had no authority to modify the penalty imposed.[2]

The principle that the arbitrator's authority is limited to the issues submitted by the parties is equally controlling here. The Arbitrator did not find that the District violated the Agreement, and accordingly he lacked authority to address the remedy issue. Because the Arbitrator exceeded his authority by addressing the remedy issue, the Award cannot be said to have been rationally derived from the essence of the Agreement. *Danville Area School District.* Therefore, the Award must be reversed to the extent that the Arbitrator ordered the parties to negotiate a rate of compensation for teachers who are required to work beyond the normal school day and to the extent that the Arbitrator determined the rate of compensation in his December 13, 1999 letter. In light of this result, the Court need not address the District's remaining arguments.

*ORDER*

AND NOW, this 18th day of January, 2001, the orders of the Court of Common Pleas of Dauphin County in the above-captioned matter dated March 13, 1999 and February 15, 2000 are hereby reversed. The order of the arbitrator is reversed insofar as the arbitrator ordered the parties to negotiate a rate of compensation for teachers who are required to work beyond the normal school day and

insofar as the arbitrator determined that rate of compensation.

---

2. *See also Pennsylvania Liquor Control Board v. Independent State Stores Union,* 520 Pa. 266, 553 A.2d 948 (1989) (holding that where the submitted question asked whether the grievant was dismissed for just cause and if not what should the remedy be, the arbitrator should have ended his inquiry after finding just cause); *Manheim Central Education Association v. Manheim Central School District,* 132 Pa.Cmwlth. 94, 572 A.2d 31 (1990) (same).