516 A.2d 772

**Linda ROCCA, Appellant,**

v.

**PENNSYLVANIA GENERAL INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued April 10, 1986.

Filed Oct. 24, 1986.

68

Dennis Veneziale, Philadelphia, for appellant.

Roger J. Harrington, Philadelphia, for appellee.

Before BECK, POPOVICH and HOFFMAN, JJ.

POPOVICH, Judge:

This is an appeal from an order of the Court of Common Pleas of Philadelphia County denying a petition to compel arbitration by the appellant, Linda Rocca. We reverse.

The facts of record indicate that the appellant was a passenger in a vehicle which collided with another vehicle. The second driver's insurance limited recovery to $25,-000.00, which was ultimately secured by the appellant in an

out-of-court settlement. However, because the injuries sustained exceeded the policy limits of the second driver's insurance, the appellant filed a claim with her parents' insurance carrier, which provided for underinsured motorist coverage. This policy was issued by the appellee, Pennsylvania General Insurance Co., and listed the appellant as a named insured on the declaration sheet.

When the appellee refused to honor the appellant's claim, the appellant notified it of her selection of an arbitrator to activate the dispute-resolution process afforded by the terms of the policy of insurance. Because the demand for arbitration was not answered, the appellant filed a petition to appoint arbitrators with the Court of Common Pleas. See 42 Pa.C.S. §§ 7305, 7342 (Supp.1986).

The appellee's response, in the form of an answer and new matter, contended that the petition was "premature" in that the appellant, under the terms of its policy, was "required to pursue a claim against the [driver of the vehicle she was a passenger in] prior to bringing th[e] underinsured claim, because nothing [was] payable under th[e] endorsement [1] until Petitioner ha[d] exhausted her claims against the tortfeasors who had liability insurance." The court below agreed and entered an order confirming the denial of the petition. This appeal was timely filed and is properly before us. See 42 Pa.C.S. § 7302(a).

The sole issue raised relates to whether a claimant can compel an insurer to arbitrate a claim for benefits, in accordance with the terms of a policy, if the policy requirement of exhaustion of remedies—the "limits of liability" under any other applicable bond or policy—has not been first sought.

---

1. The declaration page of the policy of insurance listed the appellant as a named insured, that coverage included "underinsured motorists" and that evidence of the same was discernible from endorsements made to the policy and appearing on the bottom lefthand corner of the declaration sheet. One of the endorsements was listed as PP0311, which referred to the "Underinsured Motorist Coverage" purchased in the amount of $300,000 and reproduced in the record at page 44a.

■ To begin with, it is settled law in this jurisdiction that when a party to an agreement seeks to enjoin the other from proceeding to arbitration, judicial inquiry is limited to the question of (1) whether an agreement to arbitrate was entered into and (2) whether the dispute involved comes within the ambit of the arbitration provision. See, e.g., *Flightways Corp. v. Keystone Helicopter Corp.*, 459 Pa. 660, 331 A.2d 184 (1975).

■ Instantly, the agreement to arbitrate is activated if the insurer and insured/person "do not agree: 1. Whether that person is legally entitled to recover damages ...; or 2. As to the amount of damages[.]" (See Exhibit B, page 6) Nevertheless, the appellee launches a three-pronged assault in support of its belief as to the prematurity of the arbitration demand by the appellant.[2]

First, the appellee asserts that because the appellant's entitlement to recovery is linked to her suit against the driver of the vehicle in which she rode (see note 2, *supra*), the arbitrators would be precluded from deciding what *amount* would be due the claimant under the terms of the underinsured motorist endorsement, which reads:

We will pay under this coverage only after the limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements.

Essentially, we interpret the appellee's argument to be a dispute over the "amount of damages" due the claimant, a topic *specifically* reserved in the arbitration section of the policy to a panel of arbitrators for resolution. (See Reproduced Record at 14a) This, necessarily, undermines the second of the appellee's contentions, couched in terms that,

---

**2.** We would also observe that the appellee, and the court alike, would have us hold that the appellant must await the outcome of her suit against the driver of the vehicle in which she was a passenger (satisfy this condition precedent) before the insurer is required to arbitrate her claim. This information is garnered from the appellee's brief at page 3, wherein it is written that the appellant has instituted suit against the driver of the vehicle in which she was a passenger in the Court of Common Pleas of Bucks County at No. 85–000642–052. The suit is not yet resolved.

procedurally, the language of the insurance contract required the appellant to pursue other policies of applicable insurance as a precondition to filing a claim with it. Absent this course of events, the appellee continues, the authority of the court below was properly invoked to hold in abeyance the appellant's resort to arbitration as a method to resolve the dispute. We disagree on the basis of *Harleysville Mutual Insurance Co. v. Medycki*, 431 Pa. 67, 244 A.2d 655 (1968) and statutory law.

In *Harleysville*, an insured had submitted a claim under the uninsured motorist section of his policy. However, he refused to execute certain papers and supply the insurer with copies of legal documents evidencing a suit against the alleged uninsured motorist, as required by the terms of the policy. Instead, he filed a demand for arbitration with the American Arbitration Association (AAA) in accordance with the arbitration provision of his policy.

The insurer informed the insured that, because of his violation of the policy, his claim would not be processed. This same reason was given to the AAA regarding the claimed insurance owed, and was the basis for the insurer's belief that the AAA had no jurisdiction to hear the claim. Further, the insurer filed a complaint in equity to enjoin the arbitration pending a judicial determination of the validity of the disclaimer of coverage, or, in the alternative, to halt the arbitration "until such time as [the insured] supplied [the insurer] with the information called for under the policy."

The insured's preliminary objections were sustained and the complaint was dismissed. On appeal, the Supreme Court framed the issue as one of whether the arbitration clause contemplated a resolution of the dispute. Since the policy concededly provided for uninsured motorist coverage, the Court had only to decide whether the insured's alleged forfeiture of his right to the protection of the policy, by virtue of some non-compliance with provisions of the document, was a proper subject of review for the arbitrators. In concluding that the arbitrators possessed such compe-

tence, the Court stated its rationale in a manner which we find to be instructive:

> ... appellant argues that the arbitrator should not be permitted to decide an issue which has bearing upon all of the coverages of the policy, and that the arbitration should not be permitted to proceed until all conditions precedent to an action against the company have been fulfilled. While it is true that the notification provision of the policy is applicable to all of its coverages, and while it is also true that the policy states that: "No action shall lie against the company, unless, as a condition precedent thereto, there shall have been full compliance with all the terms of this policy * * * ", it must be borne in mind that the arbitration provision applies only to the uninsured motorists coverage. It follows, therefore, that with respect to that coverage, a dispute involving proper notification or compliance with policy provisions is to be determined by arbitration and not judicially. The arbitrator, in short, can determine not only whether the insured has forfeited his coverage, but also whether he has complied with the conditions precedent to any right against the carrier.

431 Pa. at 73, 244 A.2d at 657–58.

At bar, as in *Harleysville*, the insurer urges that the non-compliance with certain prerequisites set forth in the policy (there, the submission of loss reports and signed documents; here, the exhaustion of other applicable liability policies) forecloses the matter from proceeding to arbitration.

However, one must not lose sight of the fact that the arbitration provision here embraces a determination of a claimant's entitlement to (all) damages—which would include those sought under the "Underinsured Motorist" provision of the policy, as well as the amount involved. The two are intertwined and are affected by the satisfaction of the remedies afforded (by other applicable bonds or policies) to the claimant. Ergo, it necessarily follows that, with regard to the damages and the efforts of the claimant

against other sources to satisfy the same, adherence to policy language is to be decided in the context of arbitration and not in a judicial forum. *Id.; Runewicz v. Keystone Insurance Co.*, 476 Pa. 456, 383 A.2d 189 (1978); cf. *Wolf v. Baltimore*, 250 Pa.Super. 230, 234, 378 A.2d 911, 913 (1977) ("... to be consistent with the general policy favoring the arbitration of contractual differences, an order enjoining arbitration of a particular grievance should not be granted unless it can be said with positive assurance that the agreement involved is not susceptible of an interpretation that covers the asserted dispute." (Citation omitted)). We find the discussion renders meritless the last prong of the appellee's argument advising against the case proceeding to arbitration, which relates to its "right" to have its liability reduced by *all* sums *paid* the appellant by those legally accountable under principles of tort law.

The arbitrators can always set-off the amounts received by the appellant when, and if, an award is made. The arbitrators may determine that the conditions precedent under the policy have not been satisfied, and thus abate the right to obtain damages until the contractual sine qua non has been met. However, it is for the arbitrators, and not the court, to decide whether the procedural requisites have or have not been satisfied.[3]

As always, the arbitration agreement controls the scope of authority wielded by the arbitrators. Here, the agreement does not specify that the arbitrators shall have no jurisdiction over procedural matters dealing with the abeyance of damage disputes, and we will not impose such a limitation where none exists in the agreement. See *Kardon v. Portare*, 466 Pa. 306, 353 A.2d 368 (1976).

Further, we deem it appropriate to mention the preference accorded to the resolution of procedural matters by arbitrators by the United States Supreme Court in *Wiley &*

---

**3.** Parenthetically, we would note that if recovery were secured against the appellee, it would always have recourse through its subrogation or indemnification provisions in the policy to recoup that which it paid out to the appellant.

*Sons v. Livingston,* 376 U.S. 543, 557, 84 S.Ct. 909, 918, 11 L.Ed.2d 898 (1964):

> Once it is determined ... that the parties are obligated to submit the subject matter of a dispute to arbitration, "procedural" questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator.

Accord *School District of the City of Duquesne v. Duquesne Education Association,* 475 Pa. 279, 380 A.2d 353 (1977); *Kardon v. Portare, supra; Shaler Area Education Association v. Shaler Area School District,* 61 Pa.Cmwlth. 211, 433 A.2d 168 (1981).

The last remark we wish to make in support of our ruling draws its strength from the Uniform Arbitration Act of October 5, 1980, P.L. 693, No. 142, § 501(a), 42 Pa.C.S. § 7301 et seq. Neither the litigants nor the court below refer to its impact on the case.

Of relevance to us is Section 7304, which has been made specifically applicable to common law arbitration (see 42 Pa.C.S. § 7342(a)(Supp.1986)) and provides in unequivocal terms that a "court shall order the parties to proceed with arbitration" when an application to compel arbitration shows an agreement to arbitrate and the opposing party is shown to refuse to so proceed. 42 Pa.C.S. § 7304(a). The only way to circumvent the path leading to arbitration is by "showing that there is no agreement to arbitrate." If this transpires, then the court is empowered, if it wishes, to order a stay of the arbitration proceedings. 42 Pa.C.S. § 7304(b). Otherwise, the course is clearly marked, and it leads directly to the arbitrators' door.

We have already recounted instantly the existence of an agreement to arbitrate between the parties. This, when coupled with a determination that the condition precedent of exhaustion of remedies/other policies or bonds is a matter for the arbitrators to resolve, leads inexorably to a conclusion requiring a reversal of the court's order denying the

appellant's petition to compel arbitration. See 42 Pa.C.S. § 7304; *Harleysville, supra.*

Order reversed. Jurisdiction is relinquished.