541 A.2d 19

**Melvin R. SNYDER, Appellant,**

v.

**NATIONWIDE MUTUAL INSURANCE COMPANY, Appellee.**

Superior Court of Pennsylvania.

Argued Dec. 2, 1987.

Filed May 2, 1988.

Robert Vesely, Williamsport, pro hac vice.

Robert A. Seiferth, Media, for appellee.

Before OLSZEWSKI, DEL SOLE and JOHNSON, JJ.

DEL SOLE, Judge:

This is an appeal from a trial court order which denied Appellant's petition to compel arbitration. Because we disagree with the trial court's determination that Appellants' petition was premature, we reverse its order.

The facts are not in dispute. On February 19, 1985, the vehicle in which Appellants were traveling collided with a vehicle operated by David Witt and owned by Countryside Auto Sales. The Appellants', who suffered serious injuries as a result of the accident, settled with Countryside Auto's liability carrier for the liability limits of its policy. Excess coverage was provided for in a policy issued by Nationwide Insurance Company to David Witt. A separate civil action is presently being pursued by the Appellants' against David Witt since settlement was not reached with regard to Nationwide's excess liability coverage of Witt.

Appellants are the named insureds on a policy also issued by Nationwide Insurance Company. This policy contains provisions for underinsurance coverage. In addition, it includes an agreement to arbitrate where the insurer and the insured "do not agree about the insured's right to recover damages or the amount of damages". Pursuant to these terms, Appellants filed a Petition To Compel Arbitration after their demands for underinsurance coverage and selection of arbitrators went unanswered. The trial court ruled that "[i]n the absence of a verdict in the underlying case awarding an amount in excess of the negligent party's liability insurance coverage, or a settlement by that tort-

feasor in the amount of policy limits, or an agreement between the parties to this action that the claim will exceed the limits of the tortfeasor's liability coverage, ... an application to compel arbitration is premature." Based upon this reasoning, the court denied Appellants' petition to compel arbitration. In its appeal from the trial court's order, Appellants ask us to consider whether the court erred in determining that a certain precondition must be met before arbitration could proceed.

In examining this issue we are guided by this court's recent decision in *Rocca v. Pennsylvania General Ins. Co.,* 358 Pa.Super. 67, 516 A.2d 772 (1987). A two car accident also provided the factual background in *Rocca.* Therein the appellant, Linda Rocca was a passenger in a vehicle which collided with another auto. A settlement was reached with the second driver's insurance carrier for the policy limits. Nevertheless, the appellant's injuries were not fully compensated. Ms. Rocca sought to recover underinsured motorist coverage under a policy appellee issued to her parents which listed her as a named insured. The appellant made a demand for arbitration when the appellee refused to honor her claim. The trial court found the petition to appoint arbitrators to be "premature" and ruled that it was necessary for Ms. Rocca to exhaust her claims against the driver of the vehicle in which she was traveling before bringing her underinsured motorist claim. This court reversed the trial court's decision and found the matter appropriate for resolution before an arbitration panel.

At this juncture it is perhaps appropriate to note that the trial court dismissed the *Rocca* case as inapplicable to the case at hand. The Appellee concurs with the trial court's reading of *Rocca* and reasons that it may be distinguished from the instant case. Appellee asserts that *Rocca* did not answer the question presently at issue, "whether a claimant can automatically proceed to arbitration without regard to the payments of the limits of liability on any bond or policy." This assessment of the *Rocca* decision is clearly unfounded. The issue addressed by the *Rocca* court was

whether arbitration could be compelled "if the policy requirement of exhaustion of remedies-the 'limits of liability' under any other applicable bond or policy-has not been first sought." In reaching a resolution of this question the court in *Rocca* applied reasoning and language applicable to the instant case.

Citing *Flightways Corp v. Keystone Helicopter Corp.*, 459 Pa. 660, 331 A.2d 184 (1975) the court in *Rocca* noted that judicial inquiry in a case where arbitration is sought pursuant to an agreement is limited to determining whether there was an agreement to arbitrate and whether the current dispute comes within the ambit of the arbitration provision. *Rocca v. Pennsylvania General Ins. Co.*, *supra*, 358 Pa.Super. at 70, 516 A.2d at 773. It is not contested that an agreement to arbitrate was part of the policy entered into between the parties to this action. Nevertheless, it is claimed that the dispute over underinsurance benefits is not yet ripe for review since it is undetermined whether Appellants will have injuries in excess of the applicable liability coverages. However, as clearly established by the court in *Rocca*, the arbitration provision in effect not only encompasses a determination of the amount of damages but also the initial decision as to whether Appellants are *entitled* to recover underinsurance benefits at all. "The two are intertwined and are affected by the satisfaction of the remedies afforded (by other applicable bonds or policies) to the claimant. Ergo, it necessarily follows that, with regard to the damages and the efforts of the claimant against other sources to satisfy the same, adherence to policy language is to be decided in the context of arbitration and not in a judicial forum." *Id.*, 358 Pa.Superior Ct. at 72–73, 516 A.2d at 775. As stated by the court in *Rocca:*

> The arbitrators can always set-off the amounts received by the appellant when, and if, an award is made. The arbitrators may determine that the conditions precedent under the policy have not been satisfied, and thus abate the right to obtain damages until the contractual sine qua

non has been met. However, it is for the arbitrators, and not the court, to decide whether the procedural requisites have or have not been satisfied.

*Id.*

Nothing contained within the instant policy limits arbitration to a time when all third party actions have been resolved in the courts. The insureds right to recover damages and the amount of these damages, which established whether a payment of underinsured benefits is appropriate, is, under the language of the policy, properly decided before an arbitration panel.

In conclusion, we find the holding in *Rocco* applicable to the facts of this case and therefore we find it necessary to reverse the trial court order's order which denied Appellants' petition to compel arbitration.

Order reversed. Jurisdiction relinquished.