# Hopkins v. Donegal Mutual Insurance Company

*Edward F. Silva,* for plaintiff.
*Daniel E.P. Bausher,* for defendant.

RUBRIGHT, *J.,* February 7, 1990 — This matter is presently before the court on plaintiff's motion for summary judgment. Briefs have been submitted by the parties and we are now prepared to dispose of the matter.

On November 12, 1988, plaintiff was a passenger in a motor vehicle being operated by Thomas Meadows. Meadows lost control of the vehicle, left the roadway and struck a tree. As a result, plaintiff suffered severe personal injuries and Meadows received injuries which resulted in his death.

Plaintiff made claim for his injuries against Meadows' estate alleging that the injuries were due to Meadows' negligence in the operation of the vehicle. The vehicle being operated by Meadows at the time of the accident was insured by State Farm under a policy providing bodily injury liability limits of $25,000 per person. State Farm has offered to settle the plaintiff's claim against Meadows' estate for the policy limits.

At the time of the accident, William Hopkins Jr., d/b/a Bill's Carpet Service, was insured under a

policy of automobile insurance issued by defendant. The policy lists plaintiff's parents as the named insureds. The policy also provides uninsured and underinsured motorists insurance. Under that endorsement, an "insured" includes family members of the named insured. A "family member" is defined as "a person related to [the named insured] by blood, marriage or adoption who is a resident of [the named insured's] household, including a ward or foster child." Plaintiff has advised defendant of his intention to seek further recovery for his injuries pursuant to the terms and conditions of the underinsured motorists coverage of the policy issued to his parents. Defendant has taken the position that plaintiff is not an insured under the policy because its investigation has disclosed evidence that plaintiff did not reside with his parents at the time of the accident.

The underinsured motorist endorsement includes an arbitration clause. Plaintiff has taken the position that the issue of whether or not he is an insured is within the jurisdiction of the arbitrators and must be decided at arbitration. Defendant has taken the position that the issue should be decided by the court in a declaratory-judgment action. Therefore, plaintiff has filed a petition to compel arbitration which is the subject of the instant motion for summary judgment.

Pa.R.C.P. 1035, which governs motions for summary judgment, provides that:

"The judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Summary judgment is granted only in the clearest of cases where the right is clear and free from doubt. *Kotwasinski v. Rasner,* 436 Pa. 32, 258 A.2d 365 (1969). The moving party has the burden of proving the non-existence of any genuine issue of fact. *Kent v. Miller,* 222 Pa. Super. 390, 294 A.2d 821 (1972). All doubts as to the existence of a genuine issue of a material fact must be resolved against the moving party. *Ritmanich v. Jonnel Enterprises Inc.,* 219 Pa. Super. 198, 280 A.2d 570 (1971).

The uninsured/underinsured motorist insurance is contained in Endorsement CA 21 06 of the Donegal policy which provides in section F.4:

### *"Arbitration"*

"(a) If we and an insured disagree whether the insured is legally entitled to recover damages from the owner or driver of an uninsured motor vehicle or an underinsured motor vehicle or do not agree as to the amount of damages, either party may make a written demand for arbitration. . ."

Similar arbitration clauses have been broadly interpreted by the courts. In *Allstate Insurance Co. v. Taylor,* 434 Pa. 21, 252 A.2d 618 (1969), the plaintiff, who was a student at Lehigh University, was injured in a motor vehicle accident. The other person involved was an uninsured motorist at the time of the accident. Allstate was the insurer on a policy of automobile liability insurance purchased by the plaintiff's father, who lived in California. Allstate contended that the plaintiff was not entitled to uninsured motorist coverage under the policy because he was not a resident of his father's home. The arbitration clause included in the insurance policy provided:

"If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this endorsement, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association. . ."

The court interpreted the arbitration clause to mean that all questions arising under the uninsured motorist coverage should be decided by arbitration and therefore the dispute as to whether the plaintiff was a resident of the named insured's household should have been determined by arbitration rather than by the court in a declaratory-judgment action.

In *Preferred Risk Mutual Insurance Co. v. Martin,* 436 Pa. 374, 260 A.2d 804 (1970), an arbitration clause nearly identical to that involved in *Allstate* was involved and the court reiterated its position that all disputes arising under the uninsured motorist clause of the standard insurance policy must be settled by arbitration. The principle stated in *National Grange Mutual Insurance Co. v. Kuhn,* 428 Pa. 179, 326 A.2d 758 (1968), was quoted:

"The arbitration clause, in our view, indicates that the parties contemplated one method, and one method only, for the resolution of disputes under the coverage. That method was arbitration and all such disputes should be so decided." 428 Pa. at 185, 236 A.2d at 761.

Based upon the prior cases, the court in *Preferred Risk, supra,* held that the question of coverage, specifically, whether a person comes within the

definition of "insured" under the policy, is to be determined by arbitration.

In the instant case, the arbitration clause refers to "an insured," while the clauses interpreted in *Allstate* and *Preferred Risk* refer to "any person." Defendant argues that the distinction supports its position that the issue of whether plaintiff is "an insured" is not within the jurisdiction of the arbitrators. Although the question is not easily decided, we find that the dispute is within the parameters of the arbitration agreement. We base our holding upon the case law which dictates that all disputes arising under the uninsured/underinsured motorist coverage are to be determined by arbitration.[*]

Defendant also argues that, under the terms and conditions of the policy of insurance issued to William W. Hopkins Jr., d/b/a/ Bill's Carpet Service, the exhaustion of claims against other potentially responsible tort-feasors is a precondition to proceeding to arbitration. The underinsured motorist coverage endorsement that is part of the insurance policy provides as follows:

"We will pay all sums the insured is legally entitled to recover as damages from the owner or driver of an underinsured motor vehicle only after all liability bonds or policies have been exhausted by judgments or payments."

Defendant maintains that plaintiff is not entitled to arbitration since his parents, at whose premises a party attended by Meadows and plaintiff just prior to the accident was held, and Beverage Mart, which provided the beer for the party, are potentially responsible tort-feasors who may be liable for his personal injuries.

---

[*] Due to the difficulty of the question involved, we deny plaintiff's request for counsel fees.

A similar insurance policy provision was involved in *Rocca v. Pennsylvania General Insurance Co.,* 358 Pa. Super. 67, 516 A.2d 772 (1986). The insurance company raised an argument similar to that raised by defendant here regarding the plaintiff's compliance with conditions precedent to any right against the insurance carrier. The court held that it was really a dispute over the amount of damages to which the insured would be entitled and, therefore, it was specifically reserved in the arbitration clause of the policy. The court stated that:

"The arbitrators may determine that the conditions precedent under the policy have not been satisfied, and thus abate the right to obtain damages until the contractual sine qua non has been met. *However, it is for the arbitrators, and not the court* to decide whether the procedural requisites have or have not been satisfied." *Rocca, supra.* (emphasis supplied)

See also, *Snyder v. Nationwide Mutual Insurance Co.,* 373 Pa. Super. 294, 541 A.2d 19 (1988), where the rationale underlying *Rocca* was applied to a similar factual situation.

In accordance with the foregoing, we enter the following

## ORDER OF COURT

And now, February 7, 1990, it is hereby ordered that plaintiff's motion for summary judgment is granted.

It is further ordered that defendant shall appoint its arbitrator in accordance with the terms and conditions of the insurance policy within 10 days of notice of this order.