## State Auto Insurance Co. v. Jones

*Thomas E. Brenner,* for plaintiff.
*Charles E. Schmidt Jr.,* for defendants.

HESS, *J.,* July 2, 1990 — This suit stems from an automobile accident, involving defendant and a second driver, which accident resulted in serious personal injuries to defendant, Emmie J. Jones. Having

obtained a settlement with the second driver's insurance carrier, defendant seeks recovery under underinsurance coverage from her own insurer, State Auto Insurance Company. State Auto, however, denies responsibility for this claim, believing that the terms of the policy require defendant to exhaust the limits of liability of the second driver's insurance prior to making a claim for underinsurance coverage under her own policy. Due to State Auto's refusal to honor the claim, defendant filed a petition to compel arbitration, as provided by the terms of the policy.

This suit is a declaratory-judgment action in which plaintiff, State Auto, seeks an order from this court declaring that defendants may not proceed to arbitration because the terms of their policy preclude underinsurance claims unless the tort-feasor's limits of liability have been exhausted. This matter is presently before the court on the defendant's preliminary objections, to the declaratory-judgment complaint, asserting that jurisdiction properly lies with the arbitrators to resolve the question of underinsurance coverage.

## DISCUSSION

*The arbitration clause in the State Auto policy is as follows:*

*"Arbitration"*

"If we and an 'insured' do not agree:

"(1) Whether that person is legally entitled to recover damages from the owner or operator of an 'uninsured motor vehicle' or 'underinsured motor vehicle'; or

"(2) As to the amount of damages;

"either party may make a written demand for arbitration. Arbitration shall be conducted in accor-

dance with the provisions of the Pennsylvania Uniform Arbitration Act. Each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will:

"(1) Pay the expenses it incurs; and

"(2) Bear the expenses of the third arbitrator equally.

"Unless both parties agree otherwise, arbitration will take place in the county in which the 'insured' lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding."

In *Rocca v. Pennsylvania General Insurance Company,* 358 Pa. Super. 67, 516 A.2d 772 (1986), our Superior Court had occasion to interpret the same arbitration clause. In *Rocca,* the insured was a passenger in a vehicle which collided with a second vehicle. After the insured settled with the second driver's insurance company for an amount which was less than the total amount of her medical bills, she submitted a claim to her own insurance company seeking recovery of underinsurance benefits. When her insurer denied responsibility for the underinsurance claim, the insured filed a petition to appoint arbitrators, pursuant to the policy's arbitration agreement. The insurer responded by stating that the petition was premature, because the insured, under the terms of the policy, was required to pursue a claim against the driver of the vehicle in which she was a passenger prior to bringing the underinsurance claim. According to the insurer, nothing was payable under the endorsement until the insured had exhausted her claims against the tort-feasors who had liability insurance.

The issue in *Rocca* was whether an insured can compel an insurer to arbitrate a claim for benefits, if a policy requirement has not first been met. In resolving the issue in *Rocca,* the Superior Court initially determined that the dispute involved the "amount of damages," a topic within the scope of the arbitration clause. Having determined that the arbitration clause applied to the controversy, the court rejected the insurer's argument that non-compliance with certain prerequisites set forth in the policy forecloses the matter from proceeding to arbitration. The court stated:

"The arbitrators can always set off the amounts received by the appellant when, and if, an award is made. The arbitrators may determine that the conditions precedent under the policy have not been satisfied, and thus abate the right to obtain damages until the contractual sine qua non has been met. However, it is for the arbitrators, and not the court, to decide whether the procedural requisites have or have not been satisfied." *Id.* at 73, 516 A.2d at 775.

Additionally, the court noted:

"The last remark we wish to make in support of our ruling draws its strength from the Uniform Arbitration Act of October 5, 1980, P.L. 693, no. 142, section 501(a), 42 Pa.C.S. §7301 et seq. Neither the litigants nor the court below refer to its impact on the case.

"Of relevance to us is section 7304, which has been made specifically applicable to common law arbitration (see 42 Pa.C.S. §7342(a) (Supp. 1986)) and provides in unequivocal terms that a 'court shall order the parties to proceed with arbitration' when an application to compel arbitration shows an agreement to arbitrate and the opposing party is shown to refuse to so proceed. 42 Pa.C.S. §7304(a). The only way to circumvent the path leading to arbitration is

by 'showing that there is no agreement to arbitrate.' If this transpires, then the court is empowered, if it wishes, to order a stay of the arbitration proceedings. 42 Pa.C.S. §7304(b). Otherwise, the course is clearly marked, and it leads directly to the arbitrators' door." *Id.* at 74, 516 A.2d at 776.

We believe *Rocca* controls the instant case. The arbitration clauses in both *Rocca* and the instant case are the same. Furthermore, the cases share the same general issue, namely, whether a disputed insurance claim should proceed to arbitration despite the insured's apparent failure to comply with the prerequisites in the insurance policy. *Rocca* holds that this issue should be resolved in the affirmative, and therefore we are compelled to send the matter to arbitration.

State Auto relies upon *Ostroff v. Keystone Insurance Company,* 357 Pa. Super. 109, 515 A.2d 584 (1986), as authority for the proposition that arbitration is inappropriate in the instant case. Although we agree with State Auto that *Ostroff* is a case which held that the arbitrators did not have jurisdiction over a certain insurance matter, we believe that case is distinguishable from the instant case on the facts. In *Ostroff,* the insured gained access to the arbitration forum by seeking interpretation of their insurance contract. At the arbitration hearing, however, the insured pursued a tort theory, which went beyond mere interpretation of the insurance contract. Although the arbitration clause in the insurance contract did not grant the arbitrators power beyond interpreting the contract, they proceeded to render a decision in favor of the insured based upon a tort theory. On appeal to the Superior Court, the trial court's order vacating the arbitration award was affirmed. Although *Ostroff* is a case which demonstrates the limits of arbitration, those limits

have not been exceeded in the instant case. Therefore the declaratory-judgment action by State Auto must be dismissed.

## ORDER

And now, July 2, 1990, the preliminary objections of defendants, Emmie J. Jones and Robert Jones, are sustained.