## State Farm Mutual Automobile Insurance Company v. Hopkinson

C.P. of Westmoreland County, no. 8778 of 1994.

*Richard F. Boyle Jr.,* for plaintiff.
*Dennis M. Morgenstern,* for defendant.

LOUGHRAN, *J.,* February 9, 1995—The above captioned action is a declaratory judgment action arising out of a two vehicle accident which occurred on November 2, 1991, on State Route 4008 in Hempfield

Township, Westmoreland County, Pennsylvania. The defendant, Evelyn Hopkinson, was operating a 1984 Oldsmobile Cutlass automobile with the defendant, George L. Hopkinson, riding as a passenger, when said vehicle was involved in a collision with a 1983 Mercury Lynx automobile owned by Mavin Benson, which vehicle was operated by Heidi Benson. As the result of this accident, the defendants, George Hopkinson and Evelyn Hopkinson, sustained injuries.

On the date of the accident, the 1983 Mercury Lynx automobile operated by Heidi Benson was insured pursuant to a policy of automobile insurance issued by the Nationwide Insurance Company with personal injury liability policy limits of $25,000/50,000. The defendants, George Hopkinson and Evelyn Hopkinson, maintained automobile insurance through the plaintiff, State Farm, which provided underinsured motorist coverage with policy limits of $25,000/50,000.

As a result of said accident, the defendants, George Hopkinson and Evelyn Hopkinson, filed a personal injury action against Heidi Benson in the Westmoreland County Court of Common Pleas at docket number 10782 of 1992. The defendant, George Hopkinson, settled his personal injury claim against Heidi Benson for the sum of $25,000, the policy limits of the liability coverage available pursuant to the Nationwide policy which insured Heidi Benson. The plaintiff, State Farm, consented to the settlement and waived its subrogation rights against Heidi Benson.

The defendant, Evelyn Hopkinson, also settled her personal injury claim against Heidi Benson. Her claim was settled for the sum of $20,000. State Farm refused to consent or waive its subrogation rights.

The defendant, George Hopkinson, has asserted an underinsured motorist claim pursuant to the State Farm

policy which insured the said defendant on November 2, 1991. The defendant has appointed an arbitrator, as has State Farm. This case is in a posture to proceed to underinsured motorist arbitration.

The defendant, Evelyn Hopkinson, has also asserted an underinsured motorist claim pursuant to said policy. State Farm has taken the position that the defendant, Evelyn Hopkinson, is not entitled to pursue an underinsured motorist claim under the subject State Farm policy of insurance as she did not exhaust the policy limits of the liability coverage available pursuant to the Nationwide policy of insurance which insured Heidi Benson.

State Farm's determination that the defendant, Evelyn Hopkinson, was not entitled to pursue an underinsured motorist claim was premised upon the following policy language:                .

"There is no coverage for bodily injury arising out of the ownership, maintenance or use of an underinsured motor vehicle until:

"(1) The limits of liability of all bodily injury liability bonds and policies that apply have been used up by payment of judgements or settlements to other persons; or

"(2) Such limits of liability or remaining part of them have been offered to the insured in writing."

As the result of the foregoing determination, the plaintiff, State Farm, filed the above captioned declaratory judgment action to have the court determine whether or not the defendant, Evelyn Hopkinson, is entitled to pursue an underinsured motorist claim. In its complaint, State Farm has requested that the court adjudicate and declare that there is no underinsured motorist coverage available to the defendant, Evelyn Hopkinson,

pursuant to the State Farm policy as the said defendant has failed to exhaust the liability coverage policy limits of the Nationwide policy of insurance which insured the vehicle operated by Heidi Benson on November 2, 1991. They further ask the court to adjudicate and declare that the plaintiff, State Farm, has no duty or obligation to proceed with underinsured motorist arbitration, as underinsured motor coverage is not available to the defendant Evelyn Hopkinson as a result of said accident.

The defendants, George Hopkinson and Evelyn Hopkinson, have filed preliminary objections contending that "coverage" is a matter for a board of arbitrators. The defendants rely upon the following policy language:

"Deciding Fault and Amount—Two questions must be decided by agreement between the insured and us:

"(1) Is the insured legally entitled to collect damages from the owner or driver of an uninsured motorist or underinsured motor vehicle; and

"(2) If so, in what amount?

"If there is no agreement, these questions shall be decided by arbitration at the request of the insured or us. The Pennsylvania Uniform Arbitration Act, as amended from time to time, shall apply.

"Each party shall select a competent and impartial arbitrator. These two shall select a third one. If unable to agree on a third one within 30 days, either party may request a judge of a court of record in the county in which the arbitration is pending to select a third one. The written decision of any two arbitrators shall be binding on each party."

While this court is not certain that deciding this case now pursuant to preliminary objections is entirely proper, it could appear that nothing more can be added

to this case and to await a motion for judgment on the pleadings or motion for summary judgment would serve no end except to deny the parties the opportunity to move forward. Accordingly, this matter will now be decided.

The defendants assert that this case is controlled by *Rocca v. Pennsylvania General Insurance Company,* 358 Pa. Super. 67, 516 A.2d 772 (1986). This court believes that the *Rocca* case does control this matter. The language in *Rocca* and the present case was very similar. The Superior Court held that the claim for the underinsured coverage was essentially a dispute over the amount of damages which should be decided by arbitration as provided in the policy. The court further reasoned that any dispute involving notification or compliance with policy provisions is to be determined by arbitrators, and not judicially, and refused to limit the arbitrators powers to decide whether procedural prerequisites have been satisfied. Moreover, our Supreme Court in *Brennan v. General Accident Fire & Life,* 524 Pa. 542, 574 A.2d 580 (1990) discussed the broad scope of the arbitrators and commented that the arbitrators could decide all disputes between the insurer and insured in an underinsured motorist claim.

State Farm argues that *Azpell v. Old Republic Insurance Company,* 526 Pa. 179, 584 A.2d 950 (1991) tempers the above case authority and reserves to the trial court the right to decide a matter of jurisdiction. It is the belief of this court that the matter is one of coverage for the arbitrators.

In this case, State Farm must have surely decided against pursuing a claim against the tortfeasor under its rights of subrogation, because they had consented to a settlement of George Hopkinson's claim. State Farm wants to exclude

underinsured coverage as to Evelyn Hopkinson as she settled for less than the policy limits. Litigants sometimes accept settlements for less than injury value for many reasons. Here, counsel for Hopkinson may well have decided that the cost of trying the case for $5,000 could not be justified. This does not mean that Evelyn Hopkinson's injury value does not exceed $25,000.

It is the opinion of this court that the reasoning of the *Rocca, supra* case controls this matter. This is merely a question of coverage and it is a matter for the arbitrators.

Accordingly, defendants' preliminary objections will be granted and the plaintiff will be ordered to refer this matter to arbitration.

### ORDER

And now, to wit, February 9, 1995 after review and consideration of the within matter, the court is of the opinion that defendants' preliminary objections are well taken and are granted and the plaintiff is hereby ordered to submit the claims of George L. Hopkinson and Evelyn Hopkinson, his wife, to arbitration as required by State Farm policy no. 4168-050-38H.