**Miller v. Nationwide Mutual Insurance Co.**

C.P. of Allegheny County, no. GD00-019235.

*Robert J. Donahoe,* for plaintiff.
*Maury D. Nusbaum,* for defendant.

WETTICK, *J.,* April 16, 2001—Plaintiff (petitioner) was a passenger who was injured in an automobile accident allegedly caused by an uninsured driver. There is a pending statutory arbitration proceeding to consider petitioner's uninsured motorist claim against the insurance company that issued the "first priority" insurance policy. The subject of this opinion and order of court is a petition to compel the insurance company, which issued the "second priority" insurance policy, to arbitrate petitioner's uninsured motorist claim against this insurance company. If the petition is granted, petitioner will seek to convince the arbitrators to consider his claim against the insurance company that issued the "second priority" insurance policy at the same arbitration hearing at which petitioner's claim for uninsured motorist benefits against the "first priority" insurance policy is being considered. The "second priority" insurance company contends that I must deny the petition because petitioner does not have any claim to arbitrate with it as long as his claim against the "first priority" insurance company is pending.

Petitioner was a passenger in a motor vehicle operated by Ms. Kleist. The Kleist vehicle was struck by a motor vehicle operated by Mr. Saunders. Mr. Saunders was an uninsured motorist.

The Kleist vehicle was insured by State Farm. The policy limits were $25,000/$50,000.

At the time of the accident, petitioner resided with his mother. She was insured under a motor vehicle policy issued by Nationwide, which provided uninsured motorist coverage in the amount of $25,000/$50,000.

Priority of recovery is governed by the following provision of the Motor Vehicle Financial Responsibility Law (75 Pa.C.S. §1733):

*"Section 1733. Priority of recovery*

*"(a) General rule*—Where multiple policies apply, payment shall be made in the following order of priority:

"(1) A policy covering a motor vehicle occupied by the injured person at the time of the accident.

"(2) A policy covering a motor vehicle not involved in the accident with respect to which the injured person is an insured."

Petitioner claims that his injuries are the result of the negligence of an uninsured motorist, and that his damages will exceed $25,000. Under section 1733(a)(1), State Farm is responsible for the initial $25,000 that petitioner may recover. Under section 1733(a)(2), Nationwide is responsible for an additional $25,000 if petitioner's damages, caused by the negligence of the uninsured motorist, exceed $25,000.[1]

Both insurance policies provide for disagreements regarding entitlement to uninsured coverage to be submitted to statutory arbitration. The Nationwide policy reads as follows:

"Arbitration

"If we and the insured disagree about the right to recover damages, or the amount of such damages:

---

1. The Nationwide policy states that "We will pay compensatory damages as a result of bodily injury suffered by you or a relative and due by law from the owner or driver of an uninsured motor vehicle." Nationwide's Century II auto policy at 13.

"(1) After written demand for arbitration by either party, each will select a competent arbitrator. The two so selected will select a third.

"(2) If the third arbitrator is not agreed upon within 30 days, the insured or we may request a judge of court of record to name one. The court must be in the county and state where arbitration is pending.

"(3) Each party will pay its chosen arbitrator. Each will pay half of all other expenses.

"(4) Arbitration shall be conducted in accordance with the provisions of the Pennsylvania Arbitration Act of 1927.

"(5) Unless the insured and we agree otherwise, arbitration will take place in the county and state where the insured lives. The insured will submit to examination under oath as often as reasonably requested by us. The insured must grant us authority, at our request, to obtain copies of age and medical records. The arbitrators will resolve the issues. Questions in dispute will be decided when two arbitrators agree.

"(6) Any demand for arbitration must be made within two years after the date of the accident." Nationwide's Century II auto policy at 15-16.

Petitioner and State Farm have agreed to proceed with arbitration. Petitioner has asked Nationwide to arbitrate petitioner's uninsured motorist claim for the additional $25,000, in order that petitioner's uninsured motorist claims against State Farm and Nationwide can be resolved at one hearing. Nationwide refuses to proceed with arbitration while petitioner's claim against State Farm is pending. It is Nationwide's position that it is not required to incur any litigation expenses so long as

there is a possibility that the arbitrators in the State Farm arbitration will find that any damages caused by the negligence of the uninsured motorist do not exceed $25,000. Nationwide argues that petitioner does not have a claim to arbitrate against Nationwide so long as there is a dispute between petitioner and State Farm over whether the State Farm policy is sufficient to fully compensate petitioner.

It is petitioner's position that no provision within the Motor Vehicle Financial Responsibility Law bars a consolidated arbitration hearing. Consequently, I should compel arbitration in order that all claims may be resolved at a single place and time.[2]

Under 42 Pa.C.S. §7304(a), a court shall order the parties to proceed to arbitration on application to the court to compel arbitration made by a party showing an agreement to arbitrate. I find that the agreement to arbitrate set forth *supra* at 536-37 of this opinion covers the petitioner's uninsured motorist claim against Nationwide.

The provisions in the insurance agreement governing arbitration expressly provide for arbitration whenever the person seeking the uninsured motorist benefits and the insured "disagree about the right to recover damages, or the amount of such damages." In the present case, petitioner contends that the negligence of an uninsured motorist caused the accident, and that his damages exceed $25,000. Nationwide's responses to the

---

2. Petitioner is not contending that both insurance companies must select the same arbitrators. Petitioner seeks a single hearing even if there are different arbitrators.

demand for arbitration—petitioner does not have a cause of action until his underlying claim with State Farm is resolved and petitioner's claim may not exceed the $25,000 limits of the State Farm policy—are defenses to petitioner's claim against Nationwide. This dispute between petitioner and Nationwide involves a disagreement over the right to recover damages at this time—this is an issue that is covered by Nationwide's agreement to arbitrate any disagreement "about the right to recover damages" or "the amount of such damages."

While there may be merit to Nationwide's position that petitioner must initially pursue his claims against State Farm, it is for the arbitrators, and not the courts, to decide whether petitioner's uninsured motorist claim against Nationwide should be heard at the same time as his claim against State Farm, or whether the claim against State Farm should be resolved before petitioner's claim against Nationwide is heard.

In *Snyder v. Nationwide Mutual Insurance Co.*, 373 Pa. Super. 294, 541 A.2d 19 (1988), the injured parties, after settling for the policy limits with the liability carrier for the owner of the vehicle, filed a civil action against the driver who was insured by a Nationwide excess liability policy. The injured persons were also named insureds on a policy issued by Nationwide, which provided for underinsured coverage. The Nationwide policy contained an agreement to arbitrate whenever the insurer and the insured " 'do not agree about the insured's right to recover damages or the amount of damages.' " *Id.* at 295, 541 A.2d at 19.

The injured parties filed a petition to compel arbitration. The trial court ruled that an application to compel

arbitration was premature in the absence of a verdict in the pending court case awarding an amount in excess of the negligent party's liability insurance coverage, a settlement in the amount of the policy limits, or an agreement between the parties to the court action that the claim will exceed the limits of the tort-feasor's liability coverage. The Superior Court reversed. It held that judicial inquiry is limited to determining whether there is an agreement to arbitrate and whether the current dispute comes within the ambit of the arbitration agreement. Nothing in the insurance policy limited arbitration to a time when all third party actions had been resolved in the courts. Thus, "[t]he insureds' right to recover damages and the amount of these damages, which established whether a payment of underinsured benefits is appropriate, is, under the language of the policy, properly decided before an arbitration panel." *Id.* at 298, 541 A.2d at 20.

In *Rocca v. Pennsylvania General Insurance Co.,* 358 Pa. Super. 67, 516 A.2d 772 (1986), the trial court denied a petition to compel arbitration on the ground that the petition was premature; the court ruled that the insurance policy governing underinsured benefits required the insured to exhaust her claims against the insured driver of the vehicle in which she was a passenger. The Pennsylvania Superior Court reversed, stating that the agreement to arbitrate had been activated because the insurer and the insured do not agree as to whether the insured is legally entitled to recover damages from the insurer or as to the amount of damages. *Id.* at 70, 516 A.2d at 774. The Superior Court ruled that the trial court should have ordered the parties to

proceed with arbitration, because it is for the arbitrators, not the courts, to decide whether to abate the right to obtain damages until the underlying claim has been pursued.

For these reasons, I enter the following order of court:

## ORDER

On April 16, 2001, it is hereby ordered that the petition to compel arbitration is granted and Nationwide Mutual Insurance Company is ordered to appoint an arbitrator in accordance with its insurance policy.