Trinity Area School District, Appellant *v.* Trinity Area Education Association, Appellee.

Argued December 4, 1979, before Judges CRUM-LISH, JR., MENCER, DiSALLE, CRAIG and MACPHAIL. President Judge BOWMAN and Judges WILKINSON, JR., ROGERS and BLATT did not participate.

*Robert L. Ceisler*, with him, *Mark T. Wade*, of *Patrono, Ceisler, Edwards and Pettit*, for appellant.

*Ronald N. Watzman*, for appellee.

OPINION BY JUDGE CRUMLISH, JR., February 20, 1980:

The Trinity Area School District appeals from a decision of the Washington County Court of Common Pleas affirming an arbitrator's award on behalf of the Trinity Area Education Association. Our limited scope of judicial review from an award of arbitration compels affirmance.

The District and Association executed a collective bargaining agreement on November 4, 1977, following a two-month work stoppage. A work year of 175 instructional days and one in-service day, ending as required on June 30, 1977, was ratified. During the

year, school was closed two days for snow, 12 days for energy shortages and three days by the Governor's executive order. The agreement provided that the teachers would not be compensated for school closings caused by snow or energy.

The legislature, in recognition of the difficult time school districts were having completing the 180-day school year because of weather and energy shortages, responded by providing an amendment to the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §101 et seq., known as the Weather Emergency Bill, Act of June 1, 1977, P.L. 4, formerly 24 P.S. §15-1501.1, which provided in pertinent part:

> (a) For the school year 1976-77 all public . . . schools . . . shall make every effort to keep open for at least one hundred seventy-seven (177) days of instruction for pupils. . . . No employe of any school closed by reason of the Weather Emergency of 1977 shall receive more or less compensation than that to which the employe would otherwise have been entitled to from the school district . . . had the Weather Emergency of 1977 not occurred.

The District, citing the agreement, refused to compensate the Association members for the 17 missed school days and the Association filed a grievance. The District refused to arbitrate the dispute and an unfair labor charge was filed whereupon the Pennsylvania Labor Relations Board (Board) ordered that the matter be submitted to arbitration. The Board decision was not appealed. The arbitrator sustained the Association's grievance awarding compensation and the court below affirmed.

This Court may vacate the award if the arbitrator exceeded his power as provided by Section 10 of the

Act of April 25, 1927, P.L. 381, *as amended,* 5 P.S. §170 (Arbitration Act of 1927). The arbitrator is charged with interpreting the provisions of the agreement.

Article IV-A of the collective bargaining agreement provides that nothing contained in the agreement should be construed to deny members rights protected by the Public School Code of 1949. Article II-B provides that if a provision is or becomes contrary to law, it is void. The arbitrator agreed with the Association and found that these provisions impliedly incorporated the Weather Emergency Act which amended the Public School Code of 1949 and determined that the act prohibited the District from denying compensation to the teachers for school days they would not have missed but for the Weather Emergency. In so doing, the arbitrator did not exceed his authority. A contention that an arbitrator improperly interpreted the agreement is not cognizable under Section 10 of the Arbitration Act of 1927. *Leechburg Area School District v. Leechburg Education Association,* 475 Pa. 413, 380 A.2d 1203 (1977).

Section 11 of the Arbitration Act of 1927 provides, in relevant part, for award modification where the award is against the law. If the arbitrator's award is based on a resolution of a question of fact, it is to be honored if it is rationally derived from the agreement. *See Community College of Beaver County v. Society of the Faculty,* 473 Pa. 576, 375 A.2d 1267 (1977). The arbitrator's reasoning outlined above applied equally to this determination and we agree with the court below that the arbitrator has based his award on a rational interpretation of the collective bargaining agreement. So finding, we respect the award although we might have made a different resolution and interpretation.

Accordingly, we

ORDER

AND NOW, this 21st day of February, 1980, the order of the Court of Common Pleas of Washington County dated June 12, 1979, affirming the award of the arbitrator is affirmed and the appeal dismissed.

Judges MENCER and MACPHAIL dissent.

This decision was reached prior to the death of President Judge BOWMAN.

Judge DISALLE did not participate in the decision in this case.