J-A31036-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| JUDITH M. FISHER | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| EUGENE A. KACZOROWSKI | |
| Appellee | No. 2094 MDA 2013 |

Appeal from the Judgment Entered April 11, 2014
In the Court of Common Pleas of Luzerne County
Civil Division at No: 16145 of 2008

BEFORE:  BOWES, OTT, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:            **FILED FEBRUARY 09, 2015**

Appellant Judith M. Fisher, *pro se*, appeals from the April 11, 2014 judgment entered in the Court of Common Pleas of Luzerne County (trial court) against her and in favor of Appellee Eugene A. Kaczorowski.  Upon review, we affirm.

Briefly, in 2009 Appellant filed a complaint against Appellee in the trial court alleging medical malpractice.  On November 20, 2012, prior to the trial scheduled for November 27, 2012, Appellant's counsel informed the trial court that, in lieu of a jury trial, the parties would submit this matter to arbitration.  Subsequently, the parties entered into a binding common law arbitration agreement.  The parties, by their respective counsel, also

executed a high/low arbitration agreement.[1]  Under the high/low agreement, Appellant's recovery was $0.00/$200,000.00.[2]  **See** High-Low Arbitration Agreement, 2/11/13, at ¶¶ 9-10.  Following the March 13, 2013 arbitration hearing, Arbitrator (former Judge) Thomas A. Wallitsch issued an award for $0.00 in favor of Appellee on April 1, 2013.  A copy of the award was mailed to the parties' respective counsel.

On May 13, 2013, Appellant filed a document in the trial court removing her counsel from the case and proceeding *pro se*.  On June 3, 2013, Appellant filed a "Motion to Vacate Arbitration Award," alleging:

> 1. The arbitration was never filed in the proper court by either attorneys.
>
> 2. [Appellant] never signed on for arbitration, i [sic], [Appellant], never was informed that it was binding by certified mail, or any mail.
>
> 3. The arbitration decision was never filed by either acting attorneys, [Appellee's] or [Appellant's].
>
> 4. [Appellant] was never given [her] full, entitled six hours of arbitration hearing.  [Appellant] had a five day [sic] jury trial scheduled at the proper court, and was supposed to have [her] full six hours of arbitration, so that [her] attorney could fully explain and present [her] entire case.  The second part of [her] malpractice case, which would have included the loaa [sic] of quality of life, pain, suffering, and embarrassment and humiliation, or any future complications, and more, were not brought into arbitration.  The arbitration ended two hours early.

---

[1] "A high/low agreement is a settlement in which a defendant agrees to pay the plaintiff a minimum recovery in return for the plaintiff's agreement to accept a maximum amount regardless of the outcome of the [negotiations]." **Marlette v. State Farm Mut. Auto Ins. Co.**, 10 A.3d 347, 352 (Pa. Super. 2010) (internal citations and quotations omitted), **vacated on other grounds**, 57 A.3d 1224 (Pa. 2012).

[2] The validity of this agreement is not before this Court.

5. ADR[]OPTIONS or the arbitrator failed to make sure the case was filed at the proper courts, leaving [Appellant] to believe that this was corruption and fraudulent [sic].

6. The arbitrator and ADR[]OPTIONS denied [Appellant her] DUE PROCESS (RIGHTS), to request a STATEMENT OF DECISION, and a list of all exhibits, sworn declarations, depositions, all evidence given to the arbitrator to go to deliberation with.

7. Arbitration went ahead with arbitration hearing even though the arbitration was never filed in the proper courthouse of Luzerne County.

8. Prejudiced [sic] of a parties [sic] rights were brought on to [Appellant]. Appellant did not have a fair arbitration hearing because [Appellant] felt the [arbitrator] was unable to be impartial because everybody ([Appellant's] attorney, [Appellee's] attorney, and [the arbitrator]), were all on a first[-]name basis.

9. [Appellant] was never severed [sic] with a certified letter, or mailed a letter informing [Appellant] of [her] arbitration decision. [Appellant] *was emailed it*.

10. (UNFAIR), To hear evidence useful to [Appellant's] care [sic] [Appellant's] attorney allowed [Appellant's] TWO medical expert witness's [sic] to be removed from [Appellant's] case by the defense, which gave [Appellant] no chance at getting a jury trial or a fair arbitration hearing resulting in a negative outcome for [Appellant], although the defense though did have their own medical expert witness present.

11. [Appellant's] attorney advised [Appellant] to have [Appellant's daughter] as a personal witness to testify on [Appellant's] behalf at arbitration, but never brought her into the arbitration.

Motion to Vacate Arbitration Award, 6/3/2013 (emphasis in original). On July 15, 2013, Appellee filed a response, denying Appellant's allegations. Appellee filed a "Motion to Enforce the Arbitration Agreement and Arbitration Decision of Thomas A. Wallitsch" on July 22, 2013. On October 22, 2013, the trial court granted Appellee's motion to enforce the arbitration agreement and denied Appellant's motion to vacate the same.

Following Appellant's filing of a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, the trial court issued a Pa.R.A.P. 1925(a) opinion. In its Rule 1925(a) opinion, the trial court noted that under Pennsylvania

law, a challenge to an arbitration award must be made within 30 days of the date of the award. *See* Trial Court Opinion, 3/3/14, at 3. The court further noted Appellant filed her motion to vacate the arbitration award more than two months after the arbitrator had issued the award on April 1, 2013. *See id.* at 4 (noting "[t]he petition to vacate was initiated on June 3, 2013, which is in excess of two (2) months after the award."). Because Appellant moved to vacate the arbitration award after the 30-day period to challenge the award had expired, the trial court concluded Appellant's motion to vacate was untimely.[3]

On appeal,[4] Appellant raises a single issue for our review:

---

[3] As we consistently have explained, under Section 7342(b) of the Judicial Code, 42 Pa.C.S.A. § 7342(b), any challenge to the arbitration award must

> be made in an appeal to the Court of Common Pleas, by filing a petition to vacate or modify the arbitration award **within 30 days** of the date of the award. A party must raise alleged errors in the arbitration process in a **timely** petition to vacate or modify the arbitration award or the claims are forever waived.

*U.S. Claims, Inc. v. Dougherty*, 914 A.2d 874, 877 (Pa. Super. 2006) (emphasis added), *appeal denied*, 928 A.2d 1291 (Pa. 2007).

[4] Our standard of review of common law arbitration is very limited:

> The award of an arbitrator in a nonjudicial arbitration which is not subject to statutory arbitration or to a similar statute regulating nonjudicial arbitration proceedings is binding and may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award.

> The arbitrators are the final judges of both law and fact, and an arbitration award is not subject to reversal for a mistake of either. A trial court order confirming a common law arbitration award will be reversed only for an abuse of discretion or an error of law.

*(Footnote Continued Next Page)*

- 4 -

> Did the lower court commit reversible error by affirming the arbitration decision when Appellant timely notified the court via motion to vacate that she did not knowingly, voluntarily or intelligently agree to arbitration or otherwise waive her right to a trial by jury.

Appellant's Brief at iii. After careful review of the parties' briefs, the record on appeal, and the relevant case law, we conclude that the trial court's Rule 1925(a) opinion authored by the Honorable David W. Lupas adequately disposes of Appellant's issue on appeal.[5] *See* Trial Court Opinion, 3/3/13, at 3-4. We, therefore, affirm the trial court's order denying as untimely Appellant's motion to vacate the arbitration award. We direct that a copy of the trial court's March 3, 2013 Rule 1925(a) opinion be attached to any future filings in this case.

Judgment affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/9/2015

*(Footnote Continued)* ─────────────

***Dougherty***, 914 A.2d at 876-77 (internal citations and quotation marks omitted).

[5] We note that many of Appellant's claims relate to the conduct of her former counsel. We decide here only that the trial court was correct in its disposition of Appellant's petition to vacate the arbitration award and we do not address the merits, if any, of any claims Appellant has alleged against her former counsel.

IN THE COMMONWEALTH OF PENNSYLVANIA

| | |
|---|---|
| JUDITH M. FISHER, | : IN THE COURT OF COMMON PLEAS |
| | : OF LUZERNE COUNTY |
| Plaintiff, | : |
| | : |
| v. | : CIVIL ACTION – LAW |
| | : |
| EUGENE A. KACZOROWSKI, M.D., | : |
| | : |
| Defendant. | : No. 2008-16145 |

FILED PROTHONOTARY LUZERNE COUNTY 2014 MAR -3 PM 3: 07

### 1925(a) OPINION

This 1925(a) Opinion is written in support of the October 22, 2013 Order of this Court, denying the motion to vacate arbitration award of Plaintiff Judith M. Fisher ("Plaintiff").

I.     **BACKGROUND**

A.     **Procedural Background.**

Plaintiff initiated the instant medical malpractice action against Defendant Eugene A. Kaczorowski, M.D. ("Defendant") on December 1, 2008, by way of a writ of summons. See praecipe for writ of summons, generally. On April 13, 2009, Plaintiff filed her complaint. See complaint, generally. On September 7, 2011, Plaintiff filed a certificate of trial readiness. See certificate of readiness civil trial listing at pp. 1-2. On May 17, 2012, the Honorable Richard M. Hughes, III set a trial date for November 27, 2012. See amended trial order at p. 1. The trail did not take place. In March of 2013, the parties, through their counsel, entered into a binding high-low arbitration agreement. See response in opposition to Plaintiff's motion to vacate arbitration award of Defendant at Exhibit "A" at pp. 1-5. On April 1, 2013, following a hearing on the merits Arbitrator Thomas A. Wallitsch found in favor of Defendant. See award of arbitrator at p. 1. On May 13, 2013, Plaintiff substituted herself as counsel and removed her attorney, Edward J. Ciarimboli, from the case. See substitution of attorney at pp. 1-2. On June 3, 2013, Plaintiff



filed a motion to vacate arbitration award. See motion to vacate arbitration award at pp. 1-2. On October 22, 2013, this Court denied Plaintiff's motion to vacate arbitration award and entered an Order enforcing the arbitration agreement between the parties as well as the April 1, 2013 arbitration decision. See October 22, 2013 orders, generally. Thereafter, on November 7, 2013, Plaintiff filed a notice of appeal. See notice to appeal to Superior Court at pp. 1-5. On December 11, 2013, Plaintiff filed her statement of errors complained of on appeal. See concise statement of errors complained or on appeal Pa.R.A.P. 1925(b) at pp. 1-2. On December 20, 2013, Defendant filed a response to Plaintiff 1925(b) statement. See response of Defendant to Plaintiff concise statement of errors complained of on appeal at pp. 1-5.

## B.    Factual Background.

Plaintiff alleges that Defendant was negligent in failing to properly and safely perform a laparoscopy and lysis of pelvic adhesions. See complaint at ¶¶ 14, 41, 45. Trial was set for November 27, 2012. See amended trial order at p. 1. In November of 2012, Plaintiff was notified by her then counsel that the case would not proceed to trial on November 27, 2012, but rather to arbitration. See Plaintiff's June 24, 2013 brief at Declaration of Plaintiff at p. 1. In March of 2013, the parties, through their counsel, entered into a binding high-low arbitration agreement. See response in opposition to Plaintiff's motion to vacate arbitration award of Defendant at Exhibit "A" at pp. 1-5. A common law arbitration was scheduled for March 13, 2013. See May 13, 2013 confirmation at p. 2. Plaintiff participated in the arbitration. See motion to vacate arbitration award at ¶¶ 4, 7. On April 1, 2013, Arbitrator Wallitsch found in favor of Defendant. See award of arbitrator at p. 1.

2

## II. DISCUSSION

### A. Standard.

Under Pennsylvania state law, the grounds for vacating a common-law arbitration award are set forth in 42 Pa. C.S.A § 7341, which states as follows:

> The award of an arbitrator in a nonjudicial arbitration which is not subject to subchapter A (relating to statutory arbitration) or a similar statute regulating nonjudicial arbitration proceedings is binding and may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award.

42 Pa.C.S. §7341. "It has been consistently held that any challenge to an arbitration award must be made in an appeal to the Court of Common Pleas within 30 days of the date of the award." Snyder v. Cress, 791 A.2d 1198, 1201 (Pa. Super. 2002)(applying 30 day appeal period to common law arbitration).

### B. Arbitration Award.

The arbitration in the instant case is governed by the statute pertaining to common law arbitration. See May 13, 2013 confirmation at p. 2; see also response in opposition to Plaintiff's motion to vacate arbitration award of Defendant at Exhibit "A" at ¶ 3. The award of an arbitrator in common law arbitration is binding and may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award. Andrew v. CUNA Brokerage Services, Inc., 976 A.2d 496, 500 (Pa. Super. 2009); see also Aetna Cas. and Sur. Co. v. Deitrich, 803 F. Supp. 1032, (M.D. Pa. 1992)(holding that common-law arbitration awards are not vacated absent clear showing that a party was denied a hearing or that fraud or other irregularity caused issuance of unjust or unconscionable award). The arbitrators are the

3

final judges of both law and fact, and an arbitration award is not subject to reversal for a mistake of either. Andrew, 976 A.2d at 500. Under common law arbitration, the appellant bears the burden to establish both the underlying irregularity and the resulting inequity by clear, precise, and indubitable evidence. Id. An "irregularity" which requires reversal of a common-law arbitration award refers to the process employed in reaching the results of the arbitration, not to the result itself. Chervenak, Keane & Co., Inc. v. Hotel Rittenhouse Associates, Inc., 477 A.2d 482, 485 (Pa. Super. 1984). Only claims which assert some impropriety in the common law arbitration process may be the subject to an appeal, to the exclusion of appeals which seek review of the merits. Snyder, 791 A.2d at 1201.

Instantly, the award of the arbitrator is dated April 1, 2013. See award of arbitrator at p. 1. The petition to vacate was initiated on June 3, 2013, which is in excess of two (2) months after the award. See motion to vacate arbitration award, generally. It is, thus, clear that Plaintiff's challenge to the award is, by a period of approximately one (1) month, beyond the appeal period. Snyder, 791 A.2d at 1201.

In addition, this Court finds that the subject of the appeal, with one exception, is not within the contemplation of § 7341 which allows appeals in cases of fraud, misconduct, corruption or other irregularity in reaching the result of the arbitration. See motion to vacate arbitration award at ¶¶ 1-7, 9-11. The gravamen of Plaintiff's appeal is her disagreement with the strategy employed by her prior counsel in prosecuting and presenting her case and the alleged failure to properly file certain documents collateral to the arbitration itself. Id. The only challenge raised by Plaintiff remotely concerning the propriety of the result reached in the arbitration is the allegation that "she did not have a fair arbitration hearing because [she felt] the [arbitrator] was unable to be impartial because everybody (my attorney, the defense attorney, and

4

the [arbitrator]), were on a first name basis." Id. at ¶ 8. Other than this conclusory allegation Plaintiff has failed to establish by clear, precise, and indubitable evidence how the arbitrator's awareness of both Plaintiff and Defendant's attorneys' first names is tantamount to fraud, misconduct, corruption or other irregularity or resulted in an unjust, inequitable or unconscionable award warranting the relief requested by Plaintiff. Andrew, 976 A.2d at 500.

**BY THE COURT:**

David W. Lupas, J.

Date: March 3, 2014

5